IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NACOLE S.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 6:20-cv-1797-MO

OPINION & ORDER

MOSMAN, District Judge:

        This matter comes before me on Plaintiff Nacole S.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I AFFIRM the Commissioner's decision and DISMISS this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On October 16, 2017, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, with an alleged onset date of April 13, 2017. Tr. 24. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Tr. 66, 103. Plaintiff appeared and testified at a hearing held on January 7, 2020, before Administrative Law Judge (ALJ) Robert Campbell. Tr. 40-65. On February 3, 2020, the ALJ issued a decision finding that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. Tr. 24-35. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-7.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2017, the alleged onset date. Tr. 26. At step two, the ALJ determined that Plaintiff had the following severe impairments: fibromyalgia, a history of lumbar vertebra fracture, and morbid obesity. Tr. 27. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 29. The ALJ assessed Plaintiff's residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can frequently crawl and climb ramps and stairs, but she can only occasionally stoop and climb ladders, ropes, or scaffolds. Additionally, the claimant requires the ability to briefly change positions every 30 minutes while remaining productive at the workstation.

Tr. 29.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 33. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform such as telemarketer,

appointment clerk, and document preparer. Tr. 34. The ALJ therefore found Plaintiff not disabled. Tr. 35.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises just one issue with the ALJ's decision. Plaintiff argues the ALJ erred by erroneously discounting her subjective symptom testimony about chronic pain, and the physical limitations she suffers as a result.

### I. Subjective Symptom Testimony

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 114, 1112 (9th Cir. 2012) (superseded on other grounds). First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there

3 – OPINION & ORDER

is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.*

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

At the hearing, Plaintiff testified that she suffers significant bone pain due to her fibromyalgia. Tr. 47. As a result, Plaintiff testified that she could sit for approximately 45 minutes until "[t]he pain becomes too much and I have to continuously rock, stand, sway, pace. I mean -- I -- if I stop moving, I hurt, and if I over move, I hurt too much." Tr. 52. She also testified that she could not persist throughout an eight-hour workday without lying down to relieve pain. Tr. 54. In her written submissions, Plaintiff further shared that she frequently missed work and left early due to chronic pain. Tr. 176. Pain woke her multiple times per night and, consequently, she was unable to sleep more than two to three hours at a time. Tr. 177. She could not always independently dress herself due to pain. Tr. 178. She could not stand long enough to prepare a meal and her children did most of the cooking. Tr. 178. She could do some household chores, but only "for [] 10 to 20 minutes before I have to sit down and rest." Tr. 179.

4 – OPINION & ORDER

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms and did not identify evidence of malingering. Tr. 30. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 30. Specifically, the ALJ found Plaintiff's symptom allegations were inconsistent with the objective medical evidence and conservative treatment, that Plaintiff failed to follow through with treatment for her back and fibromyalgia pain, and that her symptom testimony conflicted with other testimony about her typical daily activities. Tr. 30.

*A. Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original); s*ee also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record). The absence of corroborating objective medical evidence is not enough, on its own, however, to reject a claimant's symptom testimony. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 16-3p, 2017 WL 5180304, at *5; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ reasonably relied on conflicting medical records to discount Plaintiff's testimony about the extent of her fibromyalgia and back pain.[2] Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). At the hearing, Plaintiff testified that her fibromyalgia and back pain make it impossible for her to work full time. Tr. 52. She shared that her fibromyalgia pain prevents her from sitting still for more than 45 minutes, and that she needs to lie down during the day to relieve pain. Tr. 52, 54. The ALJ reasonably concluded that the medical records undermined these allegations. For example, the ALJ cited numerous medical records showing only mild or moderate physical symptoms associated with fibromyalgia or back pain. Tr. 30-31 (citing Tr. 311-15, 1135). The ALJ also cited medical records that showed Plaintiff had normal motor strength in her extremities, normal coordination, and normal gait, which undermined her testimony about difficulty lifting anything over 10 pounds and difficulty walking more than 5-10 minutes. Tr. 28 (citing Tr. 1162-68). Specifically addressing whether Plaintiff's back pain resulting from a 2015 car crash persisted, the ALJ cited records showing she healed well, and had normal range of motion, normal strength and sensation, and normal gait. Tr. 31 (citing Tr. 299-303). She also had an x-ray that showed only mild degenerative disc disease after the accident. Tr. 31, 299-303. The ALJ reasonably concluded that this evidence stood in contrast to Plaintiff's allegations of back and fibromyalgia pain. The decision to discount Plaintiff testimony about these symptoms was clear, convincing, and supported by substantial evidence in the record.

---

[2] The ALJ also discounted aspects of Plaintiff's testimony about her tremors and mental health limitations, which Plaintiff does not contest. *See* Tr. 30-33, Pl. Br., ECF No. 23 at 3-9.

Plaintiff argues these reasons are legally insufficient because "an ALJ cannot reject Plaintiff's testimony about pain solely because the objective medical signs do not substantiate her pain." Pl. Reply, ECF No. 24 at 2 (citing 20 CFR § 404.1529). True, the *absence* of corroborating objective medical evidence is not a clear and convincing reason to discount subjective symptom testimony about pain, but *conflict* with the objective medical evidence is. *Smartt,* 53 F.4th at 498 (differentiating between absence of supporting medical evidence and conflict with medical evidence). Here, the ALJ relied on several inconsistencies between Plaintiff's testimony and the record—all valid reasons to discount her testimony about the extent of her pain and physical limitations. Plaintiff also argues that the medical record "namely, tender points consistent with fibromyalgia," supports her symptom testimony, rather than undermining it. Pl. Reply at 3. The ALJ took note of these records, however, acknowledging Plaintiff's fibromyalgia as a severe MDI, and incorporating fibromyalgia-related limitations into the RFC. *See* Tr. 28-34. And even if the ALJ hadn't credited this particular piece of evidence, Plaintiff is asking the Court to re-weigh the evidence, which is beyond the scope of review. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ."). Even when there are two reasonable interpretations—Plaintiff's and the ALJ's—the ALJ's interpretation must prevail. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). Against that backdrop, the ALJ reasonably relied on conflicting medical evidence, and did not err in discounting Plaintiff's testimony about fibromyalgia and back pain.

*B. Conservative Treatment & Failure to Follow Treatment Recommendations*

The ALJ also discounted Plaintiff's symptom testimony in light of her history of conservative treatment, and failure to follow treatment recommendations. Tr. 30-32. "[I]n order to get benefits, an individual must follow treatment prescribed by his or her physician if the treatment can restore the ability to work, unless the individual has an acceptable reason for failing to follow the prescribed treatment." *Orn v. Astrue*, 495 F.3d 625, 636-37 (9th Cir. 2007). "A claimant's subjective symptom testimony may be undermined by an unexplained, or inadequately explained, failure to ... follow a prescribed course of treatment." *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (citations omitted). Acceptable reasons for failing to follow prescribed treatment include the treatment being contrary to the claimant's religion, the fact that similar treatment has been tried in the past with unsuccessful results, the recommended treatment being of great magnitude or unusual nature, or that the treatment would involve amputation of an extremity. 20 C.F.R. §§ 404.1530, 416.930. Likewise, an ALJ may reject a claimant's testimony when the severity of symptoms alleged is inconsistent with the level or frequency of treatment. *See Molina*, 674 F.3d at 1113 (quoting Social Security Ruling ("SSR") 96–7p, 1996 WL 374186, at *7 (July 2, 1996)).

    *i.    Conservative Treatment*

The ALJ reasonably discounted Plaintiff's testimony about her back pain because she followed a conservative course of treatment that did not match up with her allegations at the hearing. A lack of evidence of treatment in the record can support an ALJ's decision to discount testimony because the claimant's underlying treatment was conservative. *See Woods v. Kijakazi*, 32 F. 4th 785, 794 (9th Cir. 2022) (affirming ALJ's discounting of subjective testimony based on "very conservative" treatment of mostly medication alone and a knee injection); *Parra v. Astrue*,

481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."). The ALJ highlighted the fact that Plaintiff did not seek or receive any further treatment for her back pain until September, 2018, three years after her car accident. Tr. 31. At that visit, Plaintiff received medication to treat the "gradual onset of low back pain" that she experienced over the past month and a half (Tr. 1132), and by her next visit in October 2018, she reported no back pain. Tr. 113. The ALJ further noted that Plaintiff "has not sought or received any orthopedic treatment and she has not attempted any other treatment, including no physical therapy, no steroid injections, and no surgical consultation." Tr. 31. The ALJ reasonably factored this limited use of medication and lack of follow-up care into his conclusion that Plaintiff's symptom testimony about her back pain did not align with her conservative course of treatment. The ALJ therefore did not err in considering Plaintiff's conservative treatment as a basis to discount her testimony about the extent of her back pain.

   ii.  *Failure to Follow Treatment Recommendations*

  The ALJ also reasonably concluded that Plaintiff's symptom testimony was not as severe as alleged because she failed to follow treatment recommendations from her doctors about how to minimize fibromyalgia pain. As noted above, An ALJ may rely on a claimant's failure to follow a prescribed course of treatment to discount testimony about the intensity or persistence of symptoms. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). For example, the ALJ cited Plaintiff's failure to seek any treatment from a rheumatologist for her fibromyalgia. Tr. 30. The ALJ also noted that Plaintiff's treating physician recommended several additional treatments for her fibromyalgia pain beyond medication, such as "weight loss, sleep hygiene, aqua therapy,

9 – OPINION & ORDER

physical therapy, and mental health treatment." Tr. 31 (citing Tr. 1133-34).[3] The medical records do not show that Plaintiff followed through on any of these recommendations. Plaintiff contends this is an inappropriate consideration because she was "counseled," rather than prescribed or referred to these treatments. Pl. Reply at 6 (citing Tr. 1133). Plaintiff does not dispute that these treatments would have been effective if followed, or meaningfully differentiate between a doctor "counseling" a patient to do something versus "prescribing" that thing. Whatever the daylight between the two, both qualify as "other" medical evidence an ALJ may consider when evaluating a Plaintiff's symptoms, including pain. 20 C.F.R. § 404.1529(c)(3) ("Consideration of other evidence").[4] Absent any reason for failing to follow these treatment recommendations, substantial evidence supports the ALJ's conclusion that Plaintiff's failure to follow treatment advice undermined the extent of her symptom allegations about fibromyalgia pain.

*C. Daily Activities*

The ALJ also reasonably discounted Plaintiff's allegations of fibromyalgia and back pain because they were inconsistent with her reported daily activities. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where

---

[3] Plaintiff claims this is an impermissible *post hoc* rationalization. Pl. Reply at 5 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196, (1947)("principles of administrative law require [courts] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ…"). Plaintiff is mistaken. This was explicitly the "reasoning" and "factual finding" of the ALJ. *See* Tr. 31. The ALJ noted the recommendations from Plaintiff's doctors, such as weight loss and physical therapy, and concluded that "claimant has not followed through on any of these recommendations." Tr. 31.

[4] Plaintiff also contends it was inappropriate for the ALJ to consider her failure to follow treatment advice because the ALJ ought to have "engage[d] in the good cause analysis required by SSR 18-3p." Pl. Reply at 6. Not so. SSR 18-3p only applies to individuals that have already been deemed disabled. ("We will not determine whether an individual failed to follow prescribed treatment if we find the individual is not disabled …"). Because Plaintiff was never found to be disabled, SSR 18-3p does not apply.

the activities "contradict [a claimant's] testimony." *Orn*, 495 F.3d at 639. The relevant regulations require an ALJ to consider a claimant's daily activities when evaluating subjective symptom statements. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The Ninth Circuit has found such routine activities as playing video games, using public transportation, and preparing meals can undercut a claimant's testimony of disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

The ALJ identified several of Plaintiff's daily activities that conflicted with her testimony about debilitating fibromyalgia and back pain. Tr. 28. For example, the ALJ reasonably contrasted Plaintiff's testimony at the hearing—such as statements that she could stand "for maybe 10-15 minutes," and walk no more than a block (Tr. 55-56)—with Plaintiff's stated ability to shop for an hour and visit with her neighbors for extended periods (one to two hours) up to four times a week. Tr. 28, 179-80. The ALJ also noted that Plaintiff's testimony about the limitations associated with fibromyalgia and back pain was in tension with her ability to do chores around the house and care for her daughters. Tr. 28. It was reasonable for the ALJ to question Plaintiff's testimony about how long she could stand or walk based on other testimony she gave about her daily activities, which all required standing or walking. Ultimately, even when activities do not show transferable work skills, they "may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). The ALJ reasonably contrasted Plaintiff's ability to chores and care for family members with her testimony about disabling fibromyalgia and back pain. This was another clear and convincing reason for the ALJ to discount this limited aspect of Plaintiff's symptom testimony.

11 – OPINION & ORDER

## CONCLUSION

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case.

IT IS SO ORDERED.

DATED:        1/23/2024            .

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

12 – OPINION & ORDER